EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ada Mojica Rodríguez<br><br>Peticionaria<br><br>v.<br><br>ESSROC, San Juan Italcementi Group<br><br>Peticionaria | 2026 TSPR 47<br><br>218 DPR ___ |

Número del Caso:  CC-2025-0671


Fecha:  30 de abril de 2026


Tribunal de Apelaciones:  Panel V


Representante legal de la parte peticionaria:

    Lcdo. Julio Marcano López


Representante legal de la parte recurrida:

    Lcda. Natalia Morales Echevarría


Materia: Derecho Apelativo – No procede la desestimación de un recurso que se depositó dentro del término jurisdiccional en el buzón de la Secretaría del foro, pero se cargó al SUMAC-TA fuera del término por problemas técnicos; gestiones que se deberán observar cuando no sea posible presentar un documento por dificultades técnicas no atribuibles al Tribunal Electrónico.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Ada Mojica Rodríguez<br><br>    Peticionaria<br><br>        v.<br><br>ESSROC, San Juan Italcementi Group<br><br>    Recurrida | CC-2025-0671 | |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 30 de abril de 2026.

En el contexto de la implementación de avances tecnológicos que guían hacia la modernización del Poder Judicial, el presente caso nos provee la oportunidad de aclarar, por primera vez, los contornos de la presentación electrónica de un recurso apelativo mediante el Sistema Unificado de Manejo y Administración de Casos (SUMAC TA) en cumplimiento con los postulados que rigen el Derecho Procesal Apelativo. En este caso, debemos resolver si procede la desestimación de un recurso apelativo que se depositó dentro del término jurisdiccional en el buzón de la Secretaría del foro, pero se cargó al SUMAC TA fuera de dicho término. Lo anterior, cuando los apelantes enfrentaron problemas técnicos asociados a la recién inaugurada

plataforma y realizaron los intentos dirigidos a cumplir con la presentación oportuna del recurso. Por la novedad del asunto procedemos a resolver y respondemos en la negativa.

Dado que hemos identificado ciertas controversias relacionadas con la presentación de documentos a través del SUMAC TA, hoy delimitamos las gestiones que las abogadas y los abogados deberán observar cuando, por dificultades técnicas no atribuibles al Tribunal Electrónico, no les sea posible presentar un documento.

## I.

El presente pleito tiene su origen en una reclamación en cobro de dinero. Sin embargo, por la controversia que estamos en posición de atender tratarse exclusivamente de lo atinente a la presentación electrónica del recurso apelativo, nos circunscribiremos a exponer los hechos pertinentes a esos efectos.

El 16 de octubre de 2015, la Sra. Ada Mojica Rodríguez y un grupo de transportistas (en conjunto, la parte peticionaria) incoaron una Demanda sobre cobro de dinero en contra de ESSROC San Juan Italcementi Group, ahora, Argos San Juan Corp. (Argos o parte recurrida). Tras varios incidentes procesales innecesarios de pormenorizar, el 24 de marzo de 2025, el Tribunal de Primera Instancia dictó una Sentencia, notificada y archivada en autos el **1 de abril de 2025**, mediante la cual declaró Ha Lugar una Solicitud de Sentencia Sumaria promovida por la parte recurrida y, en consecuencia, desestimó con perjuicio la Demanda. El 16 de

abril de 2025, la parte peticionaria presentó una Solicitud de Reconsideración ante el foro primario. Esta se declaró No Ha Lugar el 9 de mayo de 2025, y se notificó a las partes el **20 de mayo de 2025.**

Inconforme con el revés judicial, en el último día hábil del término jurisdiccional dispuesto para apelar, **a las 10:28 p.m. del 20 de junio de 2025**, la parte peticionaria depositó un recurso de apelación, junto con el arancel correspondiente, en el buzón de la Secretaría del Tribunal de Apelaciones.[1] Asimismo, notificó el recurso apelativo a la parte recurrida. Posteriormente, el **24 de junio de 2025**, la parte peticionaria presentó el recurso apelativo a través del SUMAC TA.

Así las cosas, Argos compareció el 26 de junio de 2025 ante el foro apelativo intermedio mediante Moción de Desestimación. Sostuvo que dicho foro carecía de jurisdicción, toda vez que el recurso se presentó de manera física el 20 de junio de 2025, pero se sometió fuera del término jurisdiccional en la plataforma del SUMAC TA, el 24 de junio de 2025. En específico, argumentó que, conforme a la Orden Administrativa OAJP-2025-131, desde el 16 de junio de 2025, era obligatoria la presentación electrónica de los recursos ante el Tribunal de Apelaciones, por lo que la única fecha válida para efectos de calcular el término de

---

[1] El término jurisdiccional para presentar el recurso vencía el jueves, 19 de junio de 2025. Sin embargo, por ser un día feriado, el término se extendió hasta el próximo día laborable, viernes, 20 de junio de 2025.

presentación es aquella que aparece en el comprobante electrónico del SUMAC TA. Asimismo, adujo que la parte peticionaria presentó el recurso fuera del término jurisdiccional de treinta (30) días y no demostró la aplicación de alguna de las excepciones establecidas en el Reglamento del Tribunal de Apelaciones que permiten la presentación física. Así, arguyó que el recurso era tardío y que el foro apelativo intermedio carecía de jurisdicción para atenderlo en los méritos.[2]

A su vez, la parte peticionaria se opuso y expresó que el 20 de junio de 2025, se comunicó con la Secretaría del Tribunal de Apelaciones con el fin de que le orientaran sobre el proceso de presentación electrónica. Ello, porque el caso de epígrafe no constaba en la plataforma del SUMAC del Tribunal de Primera Instancia debido a que la Demanda fue interpuesta en el año 2015. Además, adujo que ese mismo día intentó presentar el recurso mediante el SUMAC TA. Empero, alegó que la referida plataforma notificó un error que impidió la presentación del recurso y anejó una captura de pantalla que ilustraba lo expuesto. Esbozó que, ante tal situación, el 20 de junio de 2025, depositó a las 10:20 p.m.

_____

[2] En la alternativa, señaló que, aun si asumieran *arguendo* que la presentación física del recurso fue oportuna, la peticionaria incumplió con la Regla 14(b) del Reglamento del Tribunal de Apelaciones al no notificar al Tribunal de Primera Instancia la presentación del recurso dentro del término de cumplimiento estricto de setenta y dos (72) horas ni alegar justa causa para dicha omisión. No obstante, surge del expediente judicial que, en cumplimiento con las disposiciones reglamentarias aplicables, la parte peticionaria presentó una *Moción notificando presentación de recurso de apelación* ante el Tribunal de Primera Instancia a las 3:49 p.m. de 23 de junio de 2025. Mediante dicho escrito, la parte peticionaria informó a la Secretaría del Tribunal de Primera Instancia copia de la primera página del recurso apelativo debidamente sellada con la fecha y hora de presentación.

el recurso de apelación en el buzón situado en la Secretaría del Tribunal de Apelaciones.

Asimismo, indicó que el 23 de junio de 2025 recibió una llamada de la Secretaría del Tribunal de Apelaciones indicándole que no se estaban aceptando recursos en papel, por lo que tenía que recoger el recurso que fue presentado de manera física. Alegó que, en esa llamada telefónica, le explicó al personal de la Secretaría la situación que enfrentó con la plataforma del SUMAC TA y la razón para la presentación física. Señaló que la Secretaría le recomendó comunicarse con la oficina de Educación y Relaciones con la Comunidad (EDUCO) para orientación. En particular, la parte peticionaria manifestó que al comunicarse con EDUCO, estos le brindaron instrucciones para la presentación del recurso a través del SUMAC TA. Adujo que intentó presentar el recurso en tres (3) ocasiones, pero que la plataforma continuaba informando la ocurrencia del error.

Por último, sostuvo que, al día siguiente, el **24 de junio de 2025**, se comunicó con el personal de apoyo técnico.[3] Estos le solicitaron tomar una captura de pantalla con el propósito de identificar la razón por la cual el SUMAC TA no permitía la presentación del recurso. Planteó que les envió

---

[3] Reconocemos que, en caso de surgir algún problema o duda técnica en el manejo del Sistema Unificado de Manejo y Administración de Casos (SUMAC), existen diversos puntos de contacto que brindan apoyo y a los cuales los usuarios pudieran comunicarse. Por ejemplo, el Centro de Servicios de Informática de la Oficina de Administración de los Tribunales o la Línea de Información del Poder Judicial.

la captura de pantalla y, al seguir las instrucciones que le impartieron, logró presentar el recurso electrónicamente.

Evaluados los planteamientos de ambas partes, el 14 de julio de 2025, el Tribunal de Apelaciones dictó una Sentencia mediante la cual **desestimó el recurso por falta de jurisdicción, por tardío**. El foro revisor intermedio determinó que la parte peticionaria tenía hasta el 20 de junio de 2025 para presentar su recurso y no fue hasta el 24 de junio de 2025 que lo presentó. Además, razonó que, en el presente caso, no eran aplicables las excepciones dispuestas en la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA*, 2025 TSPR 141, 217 DPR \_\_\_\_\_ (2025). En específico, concluyó que no surgía del expediente evidencia clara y convincente de que, en el día de vencimiento del término para presentar el recurso, la parte peticionaria enfrentara una imposibilidad real de utilizar la plataforma electrónica por razones técnicas. Asimismo, resaltó que el Formulario D intitulado *Declaración Sobre Presentación Física o Por Correo Electrónico de Moción por Problemas Técnicos del SUMAC* no se incluyó como parte de la presentación del recurso. Por ello, intimó que **no procedía eximir a la parte peticionaria del cumplimiento del requisito de presentación electrónica conforme lo exige la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA, supra*.**[4]

---

[4] Apéndice del *Certiorari*, pág. 244.

En desacuerdo, el 29 de julio de 2025, la parte peticionaria solicitó la reconsideración del dictamen. Acompañó su moción con una Declaración Jurada en la que afirmó la veracidad de los hechos relacionados a la falla técnica de la plataforma del SUMAC TA que imposibilitaron la presentación electrónica del recurso apelativo.[5] Empero, el 28 de agosto de 2025, el foro apelativo intermedio notificó la denegatoria de la reconsideración.

Aún inconforme con la determinación del Tribunal de Apelaciones, la parte peticionaria acudió oportunamente ante nos el 29 de septiembre de 2025 mediante un recurso de *certiorari.* Señaló que el foro *a quo* erró al aplicar el estándar de prueba clara y convincente para analizar la evidencia presentada y declararse sin jurisdicción. Planteó que el propio Reglamento del Tribunal de Apelaciones reconoce excepciones para permitir la presentación no electrónica. Además, argumentó que nuestro ordenamiento jurídico ha establecido un imperioso interés a favor de la resolución de los casos en sus méritos.

Por su parte, Argos arguyó que el error señalado por la parte peticionaria no se cometió, toda vez que la desestimación del recurso no fue a base de un estándar de prueba, sino que el tribunal aplicó la norma reglamentaria para la presentación de recursos. Posteriormente, emitimos una Orden de Mostrar Causa. Habiendo la parte recurrida

---

[5] Apéndice del *Certiorari*, pág. 250.

cumplido con lo ordenado, expedimos el recurso y procedemos a resolver.

## II.

### A.

Es harto conocido que la jurisdicción es el poder o la autoridad que ostena un tribunal para atender y adjudicar los casos o las controversias ante su consideración. *Mun. Aguada v. W Const. y Recovery Finance*, 214 DPR 432, 448 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con esta deben atenderse de forma preferente. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Ruiz Camilo v. Trafon Group, Inc*. 200 DPR 254, 268 (2018). De ahí que, en toda situación jurídica los foros adjudicativos deben considerar, en primer lugar, el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

Anteriormente, hemos expresado que una de las instancias en las que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Pueblo v. Ríos Nieves*, 209 DPR 264, 274 (2022). Ello es así porque los términos jurisdiccionales son fatales, improrrogables e insubsanables. *Reliable Financial v. ELA* 197 DPR 289, 310 (2017). Así, "cuando nos enfrentamos al

desempeño tardío de una exigencia de naturaleza jurisdiccional, no le queda otra opción al tribunal que no sea la desestimación del recurso". Íd.

Respecto a las consecuencias que acarrea la desestimación de un recurso por el defecto de ser tardío, hemos resuelto que esta priva fatalmente a la parte de presentarlo nuevamente ante cualquier foro. *Yumac Home v. Empresas Massó*, *supra*, pág. 107. Esto responde a que la falta de jurisdicción no es susceptible de ser subsanada y las partes no pueden voluntariamente otorgarle jurisdicción al tribunal ni este puede adjudicársela. A esos efectos, la Regla 83 del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA*, *supra*, preceptúa que el foro intermedio posee la facultad para, a iniciativa propia o a solicitud de parte, desestimar un recurso por falta de jurisdicción.

Sin embargo, al ponderar si procede la desestimación, los tribunales deben hacer un balance entre los intereses en pugna que incluyen, por un lado, la mencionada política judicial de atender los casos en sus méritos y, por el otro, procurar la rápida dilucidación de las controversias. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 264 (2021).

**B.**

En nuestro ordenamiento jurídico, existe un conjunto de normas que rige la práctica apelativa puertorriqueña. *Freire Ruiz de Val et al v. Morales, Hernández*, 2024 TSPR 129, 215 DPR \_\_\_\_ (2025). Al respecto, esta Curia ha sido enfática en

que el incumplimiento con las normas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90-91 (2013). Consecuentemente, las disposiciones reglamentarias en cuanto al perfeccionamiento de los recursos apelativos deben cumplirse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). La observancia fiel de estas normas cumple con el fin indispensable de "que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí". *Soto Pino v. Radio Uno Group*, *supra*, pág. 90.

En cuanto a los recursos de apelación presentados ante el Tribunal de Apelaciones con el propósito de que se revisen sentencias del foro de primera instancia, la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, establece que deben ser instados dentro del término jurisdiccional de treinta (30) días, contado desde el archivo en autos de la copia de la notificación de la sentencia dictada. A su vez, en lo atinente a la controversia ante nos, la Regla 13(A) del Reglamento del Tribunal de Apelaciones dispone que:

> [L]as apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia **se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia**, a menos que alguna ley especial aplicable disponga un término distinto. **El archivo en autos de copia de la notificación de tales**

**sentencias será equivalente a la fecha de envío de la notificación por la plataforma electrónica designada.** (Negrilla suplida). *In re Enmdas. Reglamento TA*, *supra*.

Por otro lado, la Regla 72 del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA*, *supra*, sobre los plazos para presentar escritos y prórrogas, dispone en el inciso (A) que aquellos escritos que deban ser presentados ante el foro apelativo intermedio dentro de determinado periodo de tiempo y la presentación sea electrónica, el plazo vencerá a las once y cincuenta y nueve de la noche (11:59 p.m.) del día correspondiente. Asimismo, añade lo siguiente:

**Cuando no sea posible presentar un escrito electrónicamente, este deberá ser presentado en la Secretaría del Tribunal de Apelaciones antes del vencimiento del término aplicable y en el horario regular de oficina de las ocho y treinta de la mañana hasta las cinco de la tarde o lo depositará en el buzón de presentaciones disponible desde las cinco de la tarde hasta las once y cincuenta y nueve de la noche en días laborables.** (Negrilla suplida).[6] *In re Enmdas. Reglamento TA*, *supra*.

En consonancia con los propósitos consignados en la Ley Núm. 201-2003, según enmendada, conocida como *Ley de la Judicatura de 2003* (4 LPRA sec. 24w et seq.) y las normas de interpretación dispuestas en la Regla 2 del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA*, *supra*, estas disposiciones deben interpretarse de modo que

---

[6] Cabe destacar que, en los comentarios del referido cuerpo reglamentario, con respecto a las enmiendas de 2025, se explicó que uno de los propósitos de este inciso es aclarar el proceso para las presentaciones físicas de un escrito en la Secretaría del Tribunal de Apelaciones, por algún problema técnico con el Sistema Unificado de Manejo y Administración de Casos (SUMAC), entre otros. Véase, *Comentario: Enmiendas del 2025* de la Regla 2, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 2, 215 DPR ___ (2025).

favorezcan el acceso a los tribunales. En ese sentido, el Reglamento está dirigido a, entre otros fines, eliminar obstáculos y barreras que impidan impartir justicia apelativa; implantar el principio de que las controversias se atiendan en los méritos y a que no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes. Particularmente, el cuerpo reglamentario pretende "promover el uso de la tecnología para propiciar la atención ágil y diligente" de las controversias sometidas ante la consideración del foro apelativo intermedio. Íd.[7]

c.

Según mencionáramos, el Reglamento del Tribunal de Apelaciones constituye el conjunto de normas procesales que, junto a otras reglas y leyes, regula la práctica apelativa ante ese foro y establece los requisitos que se deben observar para la presentación y tramitación de los recursos apelativos sometidos a su consideración.

Recientemente, en conformidad con el imperativo constitucional que nos faculta a la adopción de reglas para la administración de los tribunales, este Foro aprobó la enmienda de varias disposiciones del Reglamento del Tribunal de Apelaciones. Véanse, Art. V, Sec. 7, Const. PR, LPRA,

---

[7] Tras la aprobación de las enmiendas introducidas en abril de 2025, se añadió el inciso (6) con el fin de incluir la tecnología como uno de los propósitos del Reglamento. Con ello, se pretendió armonizar la presentación y notificación electrónica de documentos mediante el SUMAC. Véase, *Comentario: Enmiendas del 2025* de la Regla 2, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 2, 215 DPR _____ (2025).

Tomo I; *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ____ (2025).[8] Esto fue impulsado principalmente por la entrada en vigor del SUMAC en el Tribunal de Apelaciones el 16 de junio de 2025. De ese modo, múltiples reglas pertinentes se atemperaron a la digitalización y automatización del proceso de presentación de recursos y escritos ante el foro apelativo intermedio.

Como resultado de las enmiendas y de gran importancia a la controversia del caso de marras, se creó la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, *supra*, intitulada: *Normas de interpretación sobre la presentación electrónica*. La referida disposición **establece que, a partir de la implementación del SUMAC TA, todos los recursos y escritos se presentarán y tramitarán a través de la mencionada plataforma.** Íd. Asimismo, dispone que **la presentación de escritos a través del SUMAC TA equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.** Íd.

De igual modo, la regla **reconoce tres excepciones a la norma general de presentación electrónica de escritos en el SUMAC,** a saber:

> (1) aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC por tratarse de una persona litigante que se represente por derecho propio, hasta tanto se implemente la tecnología necesaria para esto y se tomen las medidas administrativas correspondientes;

---

[8] El 24 de abril de 2025, se emitió la Resolución ER-2025-01, con el propósito de integrar el SUMAC al Tribunal de Apelaciones. En ese sentido, a partir del 16 de junio de 2025, todos los asuntos de competencia del foro apelativo intermedio se tramitarían exclusivamente a través de la plataforma del SUMAC TA.

(2) todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente; y
**(3) aquellos documentos que por problemas técnicos asociados a la plataforma electrónica no puedan presentarse electrónicamente**. (Negrilla suplida). *In re Aprob. Enmdas. Reglamento TA*, *supra*.

Por último, la disposición reglamentaria prescribe que la presentación electrónica de documentos ante el Tribunal de Apelaciones estará sujeta a lo dispuesto en las *Directrices Administrativas para la Presentación Electrónica de Documentos mediante el Sistema Unificado de Manejo de Casos* (Directrices Administrativas), según enmendadas.[9]

En cuanto a esto último, el 16 de junio de 2025, promulgamos las Directrices Administrativas para, entre otras cosas, proveer unas guías en torno a la presentación, notificación y tramitación electrónica de los escritos judiciales, tanto a nivel de primera instancia como a nivel de los foros apelativos. De igual forma, establecimos algunas de las responsabilidades y deberes de la clase togada en el uso y manejo del SUMAC.

La Directriz XIX ilustra que **los inconvenientes relacionados al equipo o a los sistemas del usuario no relevan a una parte del cumplimiento con los términos jurisdiccionales, de estricto cumplimiento o de cualquier otra naturaleza** establecidos en las normas procesales,

---

[9] Aprobadas mediante la Orden Administrativa OAJP-2013-173 de 10 de enero de 2014, según emendada por la Orden Administrativa OAJP-2017-14 de 2 de marzo de 2017, Orden Administrativa OAJP-2021-088 de 13 de diciembre de 2021, Carta Circular Núm. 21 de 13 de diciembre de 2021, Orden Administrativa OAJP-2025-131 de 24 de abril de 2025 y la Carta Circular Núm. 26 de 24 de abril de 2025.

reglamentarias o legislativas aplicables, o mediante orden judicial.

Asimismo, la Directriz Administrativa distingue dos posibles escenarios para atender la cuestión de cuando los problemas técnicos asociados a la plataforma electrónica no permiten la radicación electrónica. En primer término, expresa que:

> **Cuando la representación legal de una parte no pueda presentar un documento por problemas técnicos del Tribunal Electrónico,** ya sea porque la plataforma se encuentre averiada o en mantenimiento, **presentará el escrito personalmente en la Secretaría del Tribunal con competencia sobre el caso o lo depositará en el buzón de presentaciones del Centro Judicial correspondiente.** Ello deberá ocurrir antes del vencimiento del término aplicable y en el horario regular de 8:30 a.m. a 5:00 p.m. (Negrilla suplida).[10]

De igual forma, señala que, en circunstancias particulares y previa notificación a la comunidad jurídica, la Oficina de Administración de los Tribunales podrá autorizar la presentación de escritos y documentos a través del listado de correos electrónicos que se indica en las Directrices.

---

[10] Véase, *Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos Mediante el Sistema Unificado de Manejo de Casos y el Formulario Interactivo*, según enmendadas, pág. 28. Señalamos que, en virtud de la Regla 72 del Reglamento del Tribunal de Apelaciones, el término para el depósito del escrito en el buzón situado en las instalaciones del foro apelativo intermedio se extendió hasta las 11:59 p.m. del día correspondiente al vencimiento. De este modo, aclaramos que cuando no sea posible presentar un escrito electrónicamente, la presentación física en la Secretaría del Tribunal de Apelaciones deberá ocurrir antes del vencimiento del término aplicable y en el horario regular de 8:30 a.m. a 5:00 p.m. mientras que el depósito en el buzón de presentaciones disponible podrá efectuarse desde las 5:00 p.m. hasta las 11:59 p.m. en días laborables. Véase, además, *Comentario: Enmiendas del 2025* de la Regla 72, *In re Enmdas. Reglamento TA*, 2025 TSPR 141, pag. 217 DPR _____ (2025).

En segundo término, la disposición administrativa instruye a la representación legal de una parte a que, **cuando**, en situaciones como la del caso de autos, **no pueda presentar un documento por problemas técnicos no atribuibles al Tribunal Electrónico envíe "una moción acreditando los esfuerzos realizados para acceder al sistema junto con el escrito (en formato PDF)"**. (Negrilla suplida). Íd.[11] Además, señala que, con respecto a ambos escritos, el abogado o abogada deberá: **(1) enviarlos al correo electrónico de la Región Judicial donde ubica el tribunal con competencia sobre el caso, o al foro apelativo, o (2) presentarlos personalmente en la Secretaría del tribunal competente o (3) depositarlos en el buzón de presentación del Centro Judicial correspondiente o foro apelativo, cuando así sea autorizado.** Íd.

Respecto a la notificación del escrito a las demás partes en el caso, la referida disposición reza que el abogado o la abogada, que presente, deposite o envíe cualquier documento por causa de problemas técnicos atribuibles al SUMAC, notificará el mismo a las demás partes en el caso. Ello podrá realizarse ya sea vía correo electrónico o correo postal, según aplique. Íd. Sobre este particular, aclaramos que igual responsabilidad de notificar a las demás partes en el pleito aplica en aquellos escenarios

---

[11] Véase: Formulario D OAT 1728, intitulado *Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC* para lo que la moción deberá contener.

en los que la falla técnica no sea atribuible al SUMAC propiamente.

Cabe destacar que, para lo que deberá contener la moción que se menciona anteriormente, la Directriz mandata a referirse **al Formulario D OAT 1728**, intitulado ***Declaración sobre Presentación Física o por Correo Electrónico de Moción por Problemas Técnicos del SUMAC*** (Formulario). Mediante este Formulario, una parte declara al tribunal, so pena de perjurio, que el documento no pudo presentarse por problemas técnicos del SUMAC. En particular, el Formulario provee varios encasillados con el propósito de que la parte indique: (1) el documento a presentarse, (2) el término para la presentación de este último, (3) la razón por la cual no pudo presentar el documento a través del SUMAC y (4) los intentos realizados de buena fe para la presentación oportuna del referido documento.

Por último, la disposición administrativa indica que, una vez la plataforma se encuentre rehabilitada, "será deber del Secretario o la Secretaria cargar (*upload*) al expediente electrónico cualquier documento que se haya presentado físicamente en Secretaría, depositado en el buzón de presentaciones o enviado a la dirección electrónica de la Región Judicial correspondiente, o foro apelativo". Íd.[12] Sin

---

[12] Véase, también, Regla 5 (R) del Reglamento del Tribunal de Apelaciones, *supra*, en la cual se codifica la obligación del Secretario o la Secretaria de cargar al SUMAC los escritos presentados físicamente en la Secretaría debido a problemas técnicos asociados a la plataforma. Además, el inciso (C) establece, en lo pertinente, que cuando no se realice la presentación electrónica correctamente,

    [l]a Secretaria o el Secretario informará el hecho a la parte que presente el escrito, a su abogado o abogada para que, de no tratarse

embargo, en cualquiera de los escenarios antes descritos, la Directriz Administrativa contempla que **la fecha de presentación del reloj ponchador de la Secretaría o del buzón de presentaciones o la fecha del envío del correo electrónico equivaldrá a la fecha de presentación en el tribunal y no será la fecha en que se cargue electrónicamente el documento al SUMAC**. Íd.

Por otro lado, la Regla 14 del Reglamento de Tribunal de Apelaciones, *In re Enmdas. Reglamento TA*, *supra*, en su inciso (B), antes inciso (A), establece que cuando sea necesaria la presentación física del recurso, según lo dispuesto en la Regla 2.1 del Reglamento del Tribunal de Apelaciones, la apelación se formalizará con la presentación del original del escrito apelativo en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia recurrido, junto con el arancel correspondiente.[13]

**III.**

Evaluado el marco jurídico pertinente, nos toca aplicar el Derecho a los hechos ante nuestra consideración. La cuestión principal se circunscribe a determinar si el

---

de exigencias jurisdiccionales, tenga oportunidad para corregir la deficiencia a la brevedad posible. La Secretaria o el Secretario no tendrá autoridad para rechazar documento alguno por incumplimiento con requisitos impuestos por ley o por reglamento, salvo cuando no vengan acompañados de los aranceles establecidos por ley, no se subsane dentro de los términos jurisdiccionales y de cumplimiento estricto dispuestos por ley y este reglamento, o no se acredite la aplicabilidad de una exención arancelaria mediante la solicitud correspondiente. *In re Enmdas. Reglamento TA*, *supra*.

[13] En cuanto a la notificación de la cubierta o primera página del escrito cuando este se presenta físicamente, véase, Regla 14 (B) del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA*, *supra*.

Tribunal de Apelaciones tenía jurisdicción para atender el recurso de apelación que la parte peticionaria depositó en el buzón de ese foro. A su vez, aprovechamos para disipar cualquier confusión que pudiera surgir en torno a las Directrices que regulan la presentación de documentos, cuando una parte enfrenta problemas técnicos asociados a la plataforma electrónica.

En su señalamiento de error, la parte peticionaria arguye que el Tribunal de Apelaciones incidió al desestimar el recurso por falta de jurisdicción, por tardío. Sostiene que el foro *a quo* impuso indebidamente un estándar de prueba clara y convincente para analizar la evidencia presentada con el fin de demostrar que ocurrió una falla técnica asociada al SUMAC TA. En esa línea, afirma que no existe legislación ni jurisprudencia alguna que establezca dicho estándar para atender controversias jurisdiccionales.

*A contrario sensu*, Argos aduce que el foro apelativo intermedio no evaluó evidencia ni aplicó estándar probatorio alguno, sino que se limitó a aplicar la norma reglamentaria sobre los términos jurisdiccionales. Añade que la parte peticionaria no acreditó ninguna de las excepciones reconocidas por la Regla 2.1 del Reglamento del Tribunal de Apelaciones, *In re Enmdas. Reglamento TA, supra*.

Luego de examinar con detenimiento el asunto ante nos, coincidimos con la parte peticionaria en que el Tribunal de Apelaciones erró al desestimar el recurso. Sin embargo, contrario a lo esbozado por dicha parte, y según explicamos

más adelante, la controversia que nos ocupa no versa sobre la imposición de un estándar probatorio.

Previo a adentrarnos en la discusión sobre las excepciones a la presentación electrónica a través del SUMAC TA, es preciso destacar que el Tribunal de Apelaciones intimó que no procedía eximir a la parte peticionaria del requisito de la presentación electrónica debido a la falta de prueba clara y convincente que acreditara la existencia de un impedimento técnico real.[14] El foro recurrido erró al así hacerlo. En este caso, según las propias Directrices Administrativas, bastaba con que la parte peticionaria expresara sus esfuerzos para presentar el documento en la plataforma. Al respecto, señalamos que, cuando sea necesario consignar los intentos realizados de buena fe para la presentación oportuna del documento, lejos de brindar excusas genéricas, la representación legal de la parte deberá hacer constar, so pena de perjurio, explicaciones concretas y particulares. Es decir, en la moción deberán consignarse detalladamente los esfuerzos realizados para acceder al sistema. Solo de esta manera, al evaluar las razones esbozadas, el juzgador estará en posición de autorizar la presentación al amparo de las excepciones previstas en el Reglamento del foro apelativo intermedio y las Directrices Administrativas.

De los hechos reseñados surge que no existe controversia en cuanto a que la parte peticionaria tenía

---

[14] Apéndice del *Certiorari*, pág. 244.

hasta el 20 de junio de 2025 para presentar su recurso de apelación. Ahora bien, el 16 de junio de 2025, cuatro días antes al vencimiento del término jurisdiccional, este Tribunal enmendó el Reglamento del Tribunal de Apelaciones y estableció, como norma general, la presentación electrónica de los recursos a través de la plataforma del SUMAC TA. Conforme a lo anterior, la presentación de documentos mediante el SUMAC TA se equiparó a la presentación en la Secretaría del tribunal. Empero, el propio cuerpo reglamentario reconoció excepciones a dicha norma general, entre estas, la correspondiente a aquellos documentos que no puedan presentarse electrónicamente por problemas técnicos asociados a la plataforma.

En ese sentido, el Reglamento contempla -a modo de excepción- la situación en que una parte no pueda presentar un documento a través del SUMAC TA debido a problemas técnicos, sean estos atribuibles o no al Tribunal Electrónico. Ante tal eventualidad, nuestro ordenamiento autoriza la presentación física de un escrito, sujeta al cumplimiento de lo dispuesto en las Directrices Administrativas pertinentes.

En el presente caso, como vimos, el último día hábil del término jurisdiccional, la parte peticionaria depositó un recurso de apelación –con el arancel correspondiente- en el buzón de presentaciones ubicado en el tribunal. Según sostuvo en sus escritos, recurrió a la presentación física por enfrentar problemas técnicos que le impidieron someter

el recurso a través de la plataforma. Entendemos que, ante tal escenario y tomando en cuenta la excepcionalidad de la situación fáctica, correspondía que la parte demostrara los esfuerzos realizados para presentar el recurso electrónicamente, según exige la Directriz Administrativa.

Ahora bien, tanto en la Oposición a Moción de Desestimación como en la Solicitud de Reconsideración, **presentada con una declaración jurada que afirmaba la veracidad de los hechos acaecidos,** la parte peticionaria acreditó ante el tribunal que intentó en múltiples ocasiones presentar su recurso en el SUMAC TA, pero enfrentó problemas técnicos que lo imposibilitaron. A esos efectos, presentó una captura de pantalla que ilustraba el mensaje de error. Enfatizamos que los escritos sometidos por la parte peticionaria contienen sustancialmente la misma información que se exige en el Formulario. En estos, la parte declaró bajo pena de perjurio, que no logró la presentación electrónica del documento por problemas técnicos del SUMAC y esbozó la razón por la cual no pudo hacerlo. Además, consignó los intentos realizados de buena fe para la presentación oportuna. Lejos de limitarse a proveer una excusa genérica, la parte peticionaria explicó en detalle sus gestiones diligentes con el Poder Judicial para realizar la presentación electrónica. En particular, alegó que, el 20 de junio de 2025, se comunicó con la Secretaría del Tribunal de Apelaciones para orientarse sobre cómo presentar el recurso en el SUMAC. Planteó que el 23 de junio de 2025 se

comunicó con EDUCO y que, tras múltiples intentos, continuaba el sistema informándole el mismo error. Por último, indicó que luego de comunicarse con el personal de apoyo técnico, logró la presentación electrónica.

Por otro lado, destacamos que el SUMAC en el Tribunal de Apelaciones había sido puesto en marcha apenas cuatro (4) días antes de la fecha en que vencía el término jurisdiccional para presentar la apelación, hecho que pudiera razonable e inevitablemente acarrear fallas operacionales y desconocimiento práctico por parte de los usuarios y hasta del propio personal del Poder Judicial. Ciertamente, este Tribunal no puede ignorar esta circunstancia, pues el engranaje de la práctica apelativa puertorriqueña hacia un nuevo paradigma de presentación electrónica es un proceso que, por su propia naturaleza, no está exento de dificultades de adaptación y fallas iniciales. Además, el litigio que genera la controversia del caso de autos se tramitó durante más de nueve (9) años en expediente físico. Asimismo, los derechos de la parte adversa no fueron afectados ni se comprometió la administración de la justicia.

Por tanto, estas razones unidas a un examen integral de los propósitos del Reglamento del Tribunal de Apelaciones y la norma reiterada de este Tribunal de resolver las controversias judiciales en sus méritos, nos mueven a concluir, a manera de excepción, que la parte peticionaria presentó oportunamente su recurso toda vez que lo depositó

en el buzón del tribunal dentro del término jurisdiccional. También, según lo exigen las disposiciones aplicables, pormenorizó los esfuerzos e intentos realizados de buena fe para presentar el documento en el SUMAC TA. En consecuencia, cumplió con el término jurisdiccional aplicable y preservó su derecho apelativo.

Asimismo, señalamos que la digitalización del trámite judicial que conllevó la implementación del SUMAC en el Tribunal de Apelaciones, no alteró el carácter jurisdiccional de los términos. Ello, pues la herramienta electrónica varió el mecanismo de presentación de escritos, no la norma procesal apelativa en nuestro ordenamiento. En ese sentido, las partes deberán dar fiel y estricto cumplimiento a las disposiciones reglamentarias y administrativas aplicables. Ante esta nueva realidad, permita la presente ocasión para resaltar que los abogados y las abogadas deben consultar el material educativo sobre las distintas herramientas tecnológicas del Poder Judicial, así como adiestrarse sobre el uso de las plataformas.[15]

Por último, se le advierte a la clase togada que, en circunstancias como la del caso de autos, deberán presentar una moción acreditando los esfuerzos realizados para acceder al sistema, **simultáneamente** junto con el escrito, a través

---

[15] Es preciso señalar que la Regla 1.19 del Código de Ética Profesional, *In re Rs. Conducta Prof. PR*, 2025 TSPR 64, 216 DPR ___ (2025), intitulada: *Competencia y diligencia tecnológica* establece que las personas que ejercen la profesión legal deberán adquirir las destrezas necesarias y mantener un conocimiento razonable sobre los desarrollos tecnológicos que puedan impactar la práctica del Derecho. Lo anterior incluye el deber de utilizar la tecnología diligentemente con el propósito de proveer una representación legal competente y efectiva.

de cualquiera de los canales alternos de presentación autorizados. Aclaramos que, en lo sucesivo, este Tribunal no será tan leniente ante una inobservancia de esta naturaleza. No obstante, aquellos casos pendientes ante la consideración de este Foro que versen sobre la misma controversia y en los cuales se hayan suscitado problemas técnicos asociados al SUMAC TA durante el periodo correspondiente a la etapa inicial de su implementación en el Tribunal de Apelaciones recibirán, a manera excepcional, un trato similar al presente caso, de así justificarlo los hechos acaecidos.

## IV.

Por los fundamentos antes expuestos, se expide el auto de *certiorari*, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso a ese foro para que atienda el recurso de apelación en los méritos.

Se dictará Sentencia en conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Ada Mojica Rodríguez<br><br>    Peticionaria<br><br>       v.<br><br>ESSROC, San Juan Italcementi Group<br><br>    Recurrida | CC-2025-0671 | |

SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2026.

Por los fundamentos expuestos en la Opinión que antecede, se expide el auto de *certiorari*, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso a ese foro para que atienda el recurso de apelación en los méritos.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió una Opinión de conformidad.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ada Mojica Rodríguez

     Peticionaria

        v.                      CC-2025-0671

ESSROC, San Juan Italcementi
Group

     Recurrida

La Jueza Presidenta ORONOZ RODRÍGUEZ emitió una Opinión de conformidad

En San Juan, Puerto Rico, a 30 de abril de 2026.

Estoy conforme con la determinación a la que arribamos hoy, pues provee claridad prospectiva a los abogados y las abogadas sobre cómo manejar los avances digitales en la práctica de la profesión. Hoy atendemos una controversia que surge como consecuencia esperada de la instauración de nuevos sistemas para la tramitación electrónica de las gestiones judiciales. Al tiempo que tomamos las medidas para garantizar un acceso a la justicia adecuado, reafirmamos nuestro compromiso con la comunidad jurídica de ampliar las herramientas para el uso responsable de los sistemas informáticos. De igual modo, continuamos proporcionando las directrices precisas y la asistencia técnica necesaria para que los abogados y

las abogadas cumplan con sus deberes profesionales y se garantice el ejercicio pleno de la jurisdicción de nuestros tribunales.

Por su parte, el Tribunal de Apelaciones debe cumplir con el objetivo de dar mayor acceso a la ciudadanía a los procesos judiciales. Art. 4.002 de la Ley Núm. 201-2003, conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24u. A saber, el Tribunal de Apelaciones "[d]eberá ofrecer acceso fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". Íd.

Como se conoce, el 16 de junio de 2025 la Oficina de Administración de los Tribunales (OAT), como parte de su programación estratégica para utilizar la tecnología como vehículo efectivo del acceso a la justicia, anunció el lanzamiento de la plataforma de Sistema Unificado de Manejo y Administración de Casos (SUMAC) a nivel del Tribunal de Apelaciones.

El 24 de abril de 2025, mediante la *Resolución* ER-2025-01, este Tribunal enmendó el Reglamento del Tribunal de Apelaciones para atemperarlo a la implementación del SUMAC en el Tribunal de Apelaciones. In re: Aprobación Enmdas. Regl. TA, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 215 DPR ___ (2025).

Como todo cambio, el lanzamiento de una herramienta tecnológica conlleva un proceso de adaptación para todo el

funcionariado del Poder Judicial y las personas que interactúan con él. Precisamente para facilitar esa transición y asegurar una implementación efectiva de la transformación en la presentación y la tramitación de los recursos apelativos, la OAT, por conducto de la Oficina de Educación y Relaciones con la Comunidad (EDUCO), realizó múltiples esfuerzos de orientación y adiestramiento a la comunidad jurídica para que se familiarizara con estas nuevas herramientas tecnológicas.

Como parte de estos esfuerzos, el 25 de abril de 2025 la OAT envió una misiva a toda la comunidad jurídica anunciando que, a partir del 16 de junio de 2025, todas las radicaciones ante el foro apelativo debían realizarse mediante la plataforma del SUMAC del Tribunal de Apelaciones. En dicho comunicado, se incluyó además la convocatoria a los primeros dos (2) seminarios de orientación sobre el uso del sistema.[16] De igual modo, se informó al gremio sobre diversas sesiones de práctica presenciales. Desde el 2 de junio de 2025 se hizo disponible la plataforma a modo de prueba para toda la comunidad jurídica, con el fin de que los abogados y las abogadas exploraran la plataforma y practicaran previo a su implementación mandatoria.

Posteriormente, el 13 de junio de 2025 la OAT distribuyó la Guía del Usuario del SUMAC, la cual incluía capturas de pantalla e instrucciones paso a paso de todas las

---

[16] A dichos seminarios acudieron cerca de mil (1,000) abogados y abogadas.

funcionalidades del sistema. Como recurso de referencia, se compartió además la grabación del seminario celebrado en mayo, la cual, hasta el momento, ha acumulado un total de tres mil novecientas (3,900) visitas. Se compartió además material educativo en forma de preguntas y respuestas, con el fin de anticipar posibles dudas que surgieran a las personas usuarias mientras aprendían a navegar el sistema. Este contenido, junto a la Guía del Tribunal Electrónico actualizada, está disponible en el portal del Poder Judicial para facilitar la accesibilidad a la comunidad jurídica.

Además, se hizo disponible a la comunidad jurídica un equipo de apoyo técnico cuyo propósito, en relación con el SUMAC del Tribunal de Apelaciones, ha sido guiar a las personas usuarias de la plataforma en la navegación de este nuevo sistema. Entre las fechas del 16 de junio de 2025 y 28 de abril de 2026, el personal de apoyo técnico adscrito a la Línea de Información atendió seiscientos veintiocho (628) consultas relacionadas al uso del SUMAC del Tribunal de Apelaciones. Entre mayo de 2025 hasta la fecha, la OAT ofreció un total de veintinueve (29) seminarios y/u orientaciones dirigidas al uso del SUMAC del Tribunal de Apelaciones, con un total de mil quinientos cincuenta y cuatro (1,554) participantes.[17]

---

[17] De estos veintinueve (29) seminarios, ocho (8) se ofrecieron previo a la implementación de la nueva plataforma e incluyeron seminarios virtuales y presenciales en la Oficina de Administración de los Tribunales (OAT), en las regiones judiciales, al Procurador General, a la Sociedad de Asistencia Legal, al Panel del Fiscal Especial Independiente, a estudiantes de derecho, y a abogados recién juramentados.

En resumen, en el ejercicio de nuestra función administrativa, para garantizar la efectividad de la reglamentación adoptada por el Tribunal Supremo, creamos todo un esquema de orientación y red de apoyo para asegurar una transición efectiva. Por lo tanto, si bien estoy conforme con la decisión hoy tomada por este Tribunal para hacer efectiva la jurisdicción de nuestros tribunales, hago un llamado a la comunidad jurídica para que se familiaricen con las herramientas creadas por la OAT para los trámites judiciales —en particular ante la transformación radical del SUMAC en los pasados diez años—, en aras de cumplir con las disposiciones de las Reglas de Conducta Profesional, In re: Reglas de Conducta Profesional de Puerto Rico, Resolución ER-2025-02, aprobada el 17 de junio de 2025, 215 DPR __ (2025), sobre competencia y diligencia tecnológica. El cumplimiento con este deber es esencial para hacer efectivo el acceso a la justicia de las personas a las que servimos y en aras de salvaguardar la coherencia institucional. Así, contando con el rigor, la diligencia y cooperación de todos los componentes del sistema de justicia, el Poder Judicial continuará siendo un ente en el cual el país deposita su confianza.

Maite D. Oronoz Rodríguez
Jueza Presidenta